```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

**UNITED STATES OF AMERICA**

                                   **Cr No.** 07-     -01-

    v.

**MICHAEL MONAHAN**

**Violations:** Tax Evasion (21 U.S.C. §7201(a)); and Mail Fraud (18 U.S.C. §1341)

## INDICTMENT

The Grand Jury charges:

### INTRODUCTION

1. From in and around March 2000, through in and around March 2001, the defendant **MICHAEL MONAHAN** ("**MONAHAN**") and another person ("the **CO-OWNER**") owned, operated and managed a temporary employment agency Merrimack Temps, Inc. ("Merrimack"), in Massachusetts. In and around July 2001, **MONAHAN** and the **CO-OWNER** changed the name of the business to Practical Business Solutions, Inc. ("PBS"). In and around September 2002, **MONAHAN** and the **CO-OWNER** changed the name of the temporary employment agency to Industrial Business Services, Inc. ("IBS") and moved the business office to Nashua, New Hampshire.

2. In an effort to conceal their personal responsibility for the activities of the temporary employment agencies ("the agencies"), **MONAHAN** and the **CO-OWNER** used other people to act as the agencies' nominee owners and officers.

3. **MONAHAN** and the **CO-OWNER** paid the hourly wages of the agencies' employees in cash.

4. **MONAHAN** and the **CO-OWNER** caused checks they received from the agencies' customers to be deposited to separate bank accounts they maintained for the agencies at Enterprise Bank. **MONAHAN** and the **CO-OWNER** obtained money for themselves and the cash they needed to pay the agencies' employees by causing checks made payable to "Cash" drawn on the agencies' bank accounts to be negotiated at branch offices of Enterprise Bank.

5. Under federal law, the agencies were required to pay to Internal Revenue Service ("IRS") (a) federal income taxes on behalf of the agencies' employees; (b) social security taxes totaling 12.4 percent of the first $76,200, $80,400, $84,900, $87,000 that each employee of the agencies' was paid in 2000, 2001, 2002 and 2003, respectively; and (c) Medicare taxes totaling 2.9 percent of the wages that were paid to each of the agencies' employees.

6. The agencies were also required to file Quarterly Federal Tax returns ("Quarterly Returns") with the IRS, and to accurately state on each Quarterly Return (a) the total wages that had been paid to the agencies' employees (hereinafter "tax wages") during the period covered by the return, and (b) the amount of income, Social Security and Medicare tax (hereinafter "employment tax") that was due and owing thereon.

## COUNTS ONE - SIX
### Tax Evasion - 26 U.S.C. §7201

7.   The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

8.   From in and around January 2000, through in and December 2003, in the District of New Hampshire and elsewhere, **MONAHAN** did willfully attempt to evade and defeat a large part of the employment tax that was owed to the IRS for calendar years 2000 through 2003, by filing and causing to be filed with the Director, Internal Revenue Service Center, Andover, Massachusetts, Quarterly Returns and other documents which, falsely and fraudulently reported that taxable wages in the approximate amounts stated below had been paid to the agencies' employees when, in fact, as **MONAHAN** well knew and believed, additional taxable wages in the approximate amounts stated below, upon which employment tax was due and owing to the IRS, had been paid to the agencies' employees during those calendar years:

| Count | Agency | Year | Reported Taxable Wages | Employment Taxes Paid | Unreported Taxable Wages |
|---|---|---|---|---|---|
| **One** | Merrimack | 2000 | $226,822 | $69,794 | $1,900,000 |
| **Two** | Merrimack | 2001 | 338,327 | 61,384 | 2,400,000 |
| **Three** | PBS | 2001 | 82,400 | 22,840 | 3,500,000 |
| **Four** | PBS | 2002 | 285,141 | 86,824 | 2,900,000 |
| **Five** | IBS | 2002 | 20,850 | 4,971 | 1,000,000 |
| **Six** | IBS | 2003 | 131,850 | 44,963 | 4,100,000 |

All in violation of Title 26, United States Code, Section 7201(a).

## COUNTS SEVEN - NINE
### Mail Fraud 18 U.S.C. §1341

9.  The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

10. Under Massachusetts law, the agencies were required to purchase workers' compensation insurance for employees of the agencies' who worked in Massachusetts.

11. In general, the cost of the insurance depended on the wages the agencies paid their employees, the nature of the work the employees performed and the agencies' history of work-related injuries.  The agencies were required to provide estimated information related to these factors to the Workers' Compensation Rating & Inspection Bureau of Massachusetts ("the Bureau"), in a document known as an Application for Workers' Compensation Insurance.  The Bureau relied on information contained in the applications to assign an insurance company to provide workers' compensation insurance coverage for the agencies.

12. The Bureau identified the insurance companies that had been assigned to each agency in a document known as a "Notice of Assignment," copies of which were mailed to the assigned insurance companies and the agencies.

13. The insurance companies relied on the Notice of Assignments and the information contained in the agencies' Applications for Workers' Compensation Insurance to determine an

estimated premium, some or all of which the agencies were required to pay at the beginning of the period of insurance coverage. In order to determine the premium for the periods of insurance coverage, at the end of each period the insurance companies conducted "audits" of the agencies' payroll and the type of work that the agencies' employees performed. After conducting the audits, the insurance companies established a total premium for the period of insurance coverage. Each agency was required to make an additional premium payment to its assigned insurance company if it under-paid the premium for the period of insurance coverage.

### The Scheme to Defraud

14. From in and around March 2000, through in and around September 2004, in the District of New Hampshire and elsewhere, the defendant,

**MICHAEL MONAHAN,**

and the **CO-OWNER** knowingly devised and intended to devise a scheme and artifice to defraud Travelers Insurance Company ("Travelers") and AIM Mutual Insurance Company ("AIM"), and for the purpose of executing the scheme and artifice and attempting to do so, caused to be placed in a post office and authorized depository for mail matter, things to be sent and delivered by the United States Postal Service, in violation of Title 18, United States Code, Section 1341.

15.  It was part of the scheme and artifice to defraud that on or about the dates indicated below, **MONAHAN** and **THE CO-OWNER** caused Applications for Workers' Compensation Insurance to be submitted to the Bureau which: (a) concealed **MONAHAN'S** and the **CO-OWNER'S** personal financial interest PBS and IBS, (b) falsely reported the number of employees who worked for the agencies, (c) falsely described the work that was performed by the agencies' employees, and (d) under reported the agencies' estimated payroll for the following periods of insurance coverage:

| Name of Agency | Approximate Date Application Submitted | Approximate Period of Insurance Coverage |
|---|---|---|
| Merrimack | 03/09/00 | 03/10/00 to 12/26/01 |
| PBS | 07/24/01 | 07/25/01 to 04/02/03 |
| IBS | 09/05/02 | 09/17/02 to 09/17/04 |

16.  It was also part of the scheme and artifice to defraud that on or about the dates identified below, **MONAHAN** and the **CO-OWNER** caused the Bureau to mail Applications for Workers' Compensation Insurance and Notice of Assignments to Travelers and AIM, knowing that the notices and the information contained in the Applications would cause the insurance companies to collect premiums from the agencies that were substantially less than the agencies would have been required to pay:

| Count | Agency | Insurance Company | Approximate Date Notice Mailed |
|---|---|---|---|
| **One** | Merrimack | Travelers | 03/23/00 |
| **Two** | PBS | Travelers | 07/25/01 |
| **Three** | IBS | AIM | 09/17/02 |

All in violation of Title 18, United States Code, Section 1341.

Dated: March 21, 2007

**A TRUE BILL**
/s/ Foreperson

_____
**Foreperson of the Grand Jury**

Thomas Colantuono
United States Attorney

    /s/ Robert M. Kinsella
By: _____
    Robert M. Kinsella
    Assistant United States Attorney